## GAMBLE v. COOK.

REPLEVIN—RIGHTS OF VENDEE IN LAND CONTRACT—TIMBER CUT
BY TRESPASSER.

> The vendee under a land contract giving the right to cut and
> remove timber can maintain replevin for timber cut on the
> land by a mere trespasser.

Error to Ogemaw; Sharpe, J. Submitted June 18, 1895.
Decided October 1, 1895.

106 MICH.—36

Replevin by Henry Gamble against Adam Cook and George Cook. From a judgment for defendants, plaintiff brings error. Reversed.

October 11, 1875, plaintiff made a contract in writing to purchase the S. W. ¼ of section 9, township 21 N., range 2 E., in Ogemaw county, which was wild and uncultivated, and valuable chiefly for the timber upon it. His vendors in fact owned the entire title to one 40, and the undivided half interest in the other three 40's, as shown by the record. The entire purchase price was paid within a year. By the terms of the contract, plaintiff was entitled to possession, and to cut and remove the timber. He went into possession soon after, established camps, and in two years cut and removed the greater part of the timber. He did not obtain his deed to which he was entitled. After removing what timber he did, he did not pay the taxes nor actually occupy the land. He either went over it himself occasionally, or sent men over, to see that no trespasses were committed. In the fall and winter of 1893-94 the defendants cut and removed from this land timber of the value of $498.45. Upon discovering this, and finding the timber banked along the line of the Michigan Central Railroad Company, plaintiff instituted this suit of replevin, and recovered possession. Upon this state of facts, the circuit court entered judgment in favor of the defendants for the value of the timber, for the reason that plaintiff had not the legal title to the land, nor was he in the actual possession.

*F. L. Snodgrass (O. E. M'Cutcheon,* of counsel), for appellant.

*W. A. Weeks (Devere Hall,* of counsel), for appellees.

GRANT, J. *(after stating the facts).* We think that the learned circuit judge was in error. The basis of the judgment appears to be that since plaintiff had not the legal title, and was not in the actual occupancy, and therefore could not maintain an action of trespass, he could not, for the same reason, maintain replevin for tim-

ber cut and removed by a trespasser. The actions of trespass and replevin do not always depend on the same state of facts, and are not always concurrent. One will often lie where the other will not. Cobbey, Repl. §§ 17, 18. Had plaintiff either the actual or constructive possession, he could maintain either trespass, replevin, or both. In replevin he would be entitled to recover the value of the timber severed, and in trespass damage for the injury to the freehold other than the value of the timber. When the timber was severed, it became personal property. In whom was the title? Was it in the vendors or vendee, parties to the land contract, or in the trespassers, who had cut it? Clearly, it was not in the vendors, for they had sold it to plaintiff, and authorized him to cut and remove it, and had no further interest in it. It is equally clear that the trespassers had no right to it by title or possession. If plaintiff had purchased by written contract only the standing timber, with the right to cut and remove it, and a stranger had severed and taken it away, clearly the title would have been in plaintiff, and he could have recovered it in an action of replevin. This, in effect, was done. The sale of the timber was expressly provided for in the contract, and the right to it is not affected by the fact that it also provided for a sale of the land. The title to land is not involved in this case, but only the title to timber. Nor does the title to the timber depend upon the title to the land. The law does not give to irresponsible timber thieves and trespassers the advantage which this doctrine, if sustained, would afford them. Plaintiff had a good title by virtue of his contract, as against naked trespassers. The defendants showed no title in themselves or any right of possession. One of them admitted that he had no such right, by commencing lien proceedings after this suit was commenced. *Cook* v. *Cook, ante,* 164. By the record, therefore, they appear as mere trespassers.

Judgment will be reversed, and entered in this court for plaintiff, with the costs of both courts.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. LONG, J., did not sit.

106 564
107 645

106 564
115 9

106 564
118 104

106 564
120 575

106 564
121 53

106 564
f123 566

106 564
152 260
153 '589
j153 593